UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BROOKE MATHUEWS, individually and as Limited Administrator of the Estate of BRETT M. STEVENS,

Plaintiff,

-against-

ANTHONY LEE TYSON and J.B. HUNT TRANSPORT, INC.,

Defendants.

26-CV-6575 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

The Court has been advised that the parties have reached a settlement in this wrongful death case. *See* ECF No 8. Pursuant to Local Civil Rule 83.2(b), in any action for wrongful death or conscious pain or suffering of the decedent in this District, "[w]here required by statute or otherwise, the court must apportion the proceeds of the action and must approve the terms of any settlement," and "must approve attorney's fees only upon application in accordance with the provisions of the New York State statutes and rules." New York law requires that a court approve a compromise for wrongful death "for such amount as it shall determine to be adequate including approval of attorneys fees and other payable expenses" only after an "inquiry into the merits of the action and the amount of damages proposed." N.Y. Est. Powers & Trusts Law § 5-4.6(a). "The court must determine whether the proposed settlement is fair, reasonable and adequate by comparing the terms of the compromise with the likely rewards of litigation." *Ratcliffe v. Pradera Realty Co.*, No. 5 Civ. 10272(JFK), 2008 WL 801498, at *1 (S.D.N.Y. Mar. 25, 2008) (quoting *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999)). In doing so, courts consider factors such as whether "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has

been sufficient discovery to enable counsel to act intelligently." *Id.* (alteration in original) (quoting *Ross v. A.H. Robins Co.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988)).

Therefore, it is hereby:

ORDERED that within thirty (30) days of this Order the parties provide this Court with the terms of the settlement in order to ensure that, in compliance with N.Y. Est. Powers & Trusts Law § 5-4.6(a), they are fair and reflect a reasonable compromise of disputed issues.

IT IS FURTHER ORDERED that, along with the terms of the settlement, the parties shall provide this Court with a joint letter of no more than five (5) pages explaining why they believe the settlement reflects a fair and reasonable compromise of disputed issues. Such letter should include, but need not be limited to, information concerning the three (3) factors identified above.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's fees, the parties submit evidence providing a factual basis for the attorney's fees award. Such basis should include "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014).

The parties are also reminded that they may, if they would like to, consent to the jurisdiction of the Magistrate Judge for review and approval of the settlement if all parties agree. The consent form is available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. There are no adverse consequences for withholding consent.

Dated: October 30, 2026
New York, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge